SUSSWEIN et al. v. ANDERSEN.

(Supreme Court, Appellate Term.　January 5, 1911.)

SALES (§ 164*)—PERFORMANCE OF CONTRACT.
　　Where, though 1,275 feet of lumber were delivered to the purchaser, he only ordered 1,000 feet, he was not liable for the price of the excess, if he refused to retain it.
　　[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 386-390; Dec. Dig. § 164.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by Henry M. Susswein and another against Anton Andersen. From a judgment for plaintiffs, defendant appeals. Affirmed, as modified.

Argued before GIEGERICH, BRADY, and GAVEGAN, JJ.

Sayers, Kelaher & Scannell, for appellant.

Benjamin Berger, for respondents.

PER CURIAM. There was a conflict of evidence at the trial as to the kind of lumber which the defendant ordered of the plaintiffs,

and whether it was dry or wet when it was delivered. After, careful examination of the record, we see no reason for disturbing the trial justice's determination of these disputed questions of fact. But as it appears from the undisputed evidence that only 1,000 feet of lumber were ordered, although 1,275 feet were delivered, the defendant should not be charged with the excess, since he has refused to keep it.

The judgment should therefore be modified, by deducting the sum of $13.75, representing the excess, as measured by the contract price of $50 for 1,000 feet, thus reducing the plaintiffs' damages to $50, and making their total recovery $62, which includes costs and extra costs, and, as so modified, affirmed, without costs.