522

## SHPETNER v. HOLLYWOOD CREDIT CLOTHING CO., Inc.

### No. 273.

Municipal Court of Appeals for the District of Columbia.

May 9, 1945.

Harry Saidman, of Washington, D. C. (Albert E. Steinem, of Washington, D. C., on the brief), for appellant.

Alvin L. Newmyer, of Washington, D. C., for appellee.

Before RICHARDSON, Chief Judge, and CAYTON and HOOD, Associate Judges.

RICHARDSON, Chief Judge.

Appellee, defendant below, gave an order for two dozen ladies' hats to a salesman employed by appellant, plaintiff below. Defendant's order was subject to confirmation by plaintiff; but without further notice or communication, plaintiff eight days later shipped to defendant by express four boxes, each containing two dozen hats.

One box was received by defendant, accepted, and the contents placed in' stock for sale. Two days later, a Sunday having intervened, the other three boxes were delivered to defendant by the express company and immediately returned with the statement that the articles had not been ordered. Plaintiff was also notified by letter of defendant's refusal to accept the three boxes.

Plaintiff claimed that the shipment of eight dozen hats, upon receipt of the order for two dozen, was in legal effect a counter-offer, requiring defendant to elect whether to accept or return the entire lot; that acceptance of the part bound defendant to accept and pay for all. The trial judge rejected this theory and entered judgment for defendant. Plaintiff has appealed, reasserting here the same contention made in the trial court.

Had defendant's order been accepted by confirmation, as was contemplated when it was given, thereby completing a contract, a right to retain the goods ordered and to return the excess is expressly recognized under Section 44 of the Uniform Sales Act.[1] Plaintiff says, correctly we think, that the section does not apply unless the delivery is made under contract wherein the quantity has been fixed by agreement of the parties.

Prior to the adoption of the Uniform Sales Act in New York, it was held

---

[1] Code 1940, § 28—1304(2).

that one ordering articles at a unit price was entitled to retain the quantity ordered and return the surplus.[2]  This, however, is too general a statement unless it be regarded as applicable to facts of that case not disclosed in the reported decision. The reasonable and we think the correct rule to be applied in such cases is that one receiving an order to supply merchandise may submit a counter-offer by shipping different goods or a greater quantity of the goods ordered.  This is but a tender which the purchaser may accept, thereby becoming bound for the whole, or reject without incurring liability.  But if he retains part and rejects part, no contract is created requiring him to pay for the whole unless delivery was expressly made subject to that condition or other circumstances exist from which it may be found as a fact that he assented to a delivery not conforming to the terms of his order.

This was the rule followed in American Lumber & Mfg. Co. v. Atlantic Mill & Lumber Co., 3 Cir., 290 F. 632, 635, where it was said:

"Where one makes an offer and assents to an acceptance which is not responsive to the proposal, a contract is made and he is, of course, bound by it.  * * *

"Having in mind the defendant's conduct in accepting and paying for twelve cars of lumber after the plaintiff had conditionally accepted its orders, the trial court submitted to the jury the question whether the defendant had, as evidenced by its conduct, assented to the plaintiff's terms and thereby had brought their minds together.  The defendant assigns this as error on the ground that the question of the existence of the contracts was one of law for the court to decide.  In this contention we do not concur for here the existence, not the construction, of the contracts was the point in issue.  When the evidence is conflicting it is for the jury to determine whether a contract does in fact exist, and, if so, what are its terms?"

■ Here the judge, hearing the case without a jury, had before him, in addition to the facts we have stated, the shipping receipt, a copy of which was delivered to defendant with the first box, which bore the notation "No. Pieces 4."  He had the invoice plaintiff had mailed defendant when the shipment was made, billing defendant for eight dozen hats.  He found on all the evidence that defendant did not assent to the purchase of eight dozen hats; that he might logically have regarded the billing of eight dozen hats as a bookkeeping error. He, therefore, properly denied a recovery for the six dozen hats which defendant had not ordered and refused to accept, limiting plaintiff's recovery to the goods ordered and accepted, payment for which at the unit price had been tendered and refused.

Affirmed.

---

[2] Susswein v. Andersen, Sup., 126 N.Y.S. 619.